UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK OPIO, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00187-NT |
| | ) | |
| WHOLE FOODS MARKET GROUP, INC., | ) ) | |
| | ) | |
|     Defendant | ) | |

**ORDER ON DISCOVERY ISSUE**

The Court held a telephonic hearing on November 10, 2021, to discuss Plaintiff's challenge to the adequacy of Defendant's Initial Disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). In its disclosures, Defendant identified some of its employees as "individuals likely to have discoverable information" but did not provide the employees' personal contact information. Instead, citing company policy not to disclose an employee's personal contact information without the employee's consent, Defendant listed its address and telephone number as the employees' contact information. Plaintiff argues that the Rule requires the disclosure of the individuals' personal contact information and that they should not have to contact an identified individual through Defendant.

At the conclusion of the hearing, the Court invited counsel to submit legal authority for their respective positions. Each party filed a list of legal authorities. The Court has considered the authority cited.

Federal Rule of Civil Procedure 26(a)(1) provides in relevant part that a party must disclose "the name and, if known, the address and telephone number of each individual

likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Initial disclosures are designed in part to facilitate the exchange of relevant information without the time and cost of formal discovery requests. A review of relevant authority reveals that while the Court might have some discretion regarding the Rule's application in certain instances, "'[n]umerous courts have held that this obligation is satisfied only by producing individual addresses for individual witnesses; disclosure of an attorney's address or an employer's address is not sufficient.'" *Tamas v. Family Video Movie Club, Inc.*, 304 F.R.D. 543, 545 (N.D. Ill. 2015) (quoting *Hartman v. American Red Cross*, No. 09-1302, 2010 WL 1882002, at *1 (C.D. Ill. May 11, 2010)) (collecting cases). Consistent with this view, the Rule includes no exception that would permit a party-employer to decline to provide the personal contact information for its employees.

If the Court were to endorse Defendant's position – that it not disclose the information due to its company policy – the Court would effectively allow a company policy, rather than the rules of procedure, to govern a company's discovery obligations. Furthermore, under Defendant's approach (i.e., Plaintiff to contact the individuals through Defendant), Plaintiff's counsel could not contact the individuals directly to determine whether they were willing to discuss their knowledge of the circumstances underlying Plaintiff's claims. The process, therefore, would impose an impediment to Plaintiff's investigation, which impediment would be contrary to the purpose of the Initial Disclosures and is an impediment that Defendant would not have if it wanted to speak with the "individuals likely to have discoverable information" identified by Plaintiff.

The Court is not insensitive to the privacy concerns of the employees. The concerns can largely be addressed by Defendant providing the information pursuant to the Confidentiality Order, which the Court will modify slightly. The Confidentiality Order allows a party to disclose to certain other individuals the information designated as confidential under the order. Paragraph 5 of the Confidentiality Order is modified to provide that without further order of the Court, Plaintiff's counsel shall not disclose the employees' contact information to any other individual or entity, except to an investigator counsel might retain, provided the investigator completes the Acknowledgement of Understanding and Agreement to Be Bound.

In sum, consistent with the plain language of the Rule and the purpose of the Rule, the Court concludes that Defendant must provide Plaintiff with the personal contact information of the identified "individuals likely to have discoverable information," including for Defendant's employees. Defendant may designate the information as confidential in accordance with the Confidentiality Order.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of November, 2021.