UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK OPIO, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00187-NT |
| | ) | |
| WHOLE FOODS MARKET GROUP, INC., | ) | |
| | ) | |
|     Defendant | ) | |

**ORDER ON MOTION IN SUPPORT
OF DISCOVERY ISSUE**

Plaintiff asks the Court to order Defendant to produce the documents related to Defendant's settlement of a race discrimination case in 2016 (the prior case). (Motion, ECF No. 31.)  The prior case, initiated by one of Plaintiff's relatives, involved the store and supervisors involved in this case in which Plaintiff alleges race discrimination.

The parties to the prior case agreed to a confidential settlement.  Defendant contends the documents are not relevant to Plaintiff's claim and that production of the documents would undermine the policy reflected in Federal Rule of Evidence 408, which policy is to encourage the settlement of disputes.

Although the Court understands the public policy encouraging settlement, *see e.g.*, Rule 408 advisory committee's note to 1972 amendment (grounds for rule excluding evidence of settlement offers include the "promotion of the public policy favoring compromise and settlement of disputes"), the Court is not persuaded that the public policy requires a heightened level of scrutiny when settlement documents are requested in

discovery. Federal Rule of Civil Procedure 26 governs the scope of discovery.[1] The issue is whether the requested information is relevant to "any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In some cases, such as in *Barclay v. Gressit*, No. 2:12-cv-156-JHR, 2013 WL 3819937 (D. Me. July 24, 2013), (concluding the settlement agreement in a related case was relevant and thus discoverable) cited by Plaintiff, settlement documents might be relevant. In other cases, the documents would not be relevant. If the documents are relevant, the policy concerns raised can be addressed through a protective order.

Because Plaintiff asserts a similar cause of action to the claim asserted in the prior case and because the prior case involved the same store and supervisors as this case, the non-monetary terms of the settlement are relevant to this matter. Settlement documents typically include the names of individuals (i.e., the releasors and releasees) who conceivably have information regarding a similar claim as Plaintiff's claim and other information (e.g., the scope of any confidentiality agreement, including who is bound by the agreement, remedial measures, if any, a defendant agreed to implement) that would be relevant to Plaintiff's claims. While the Court believes the non-monetary terms would be relevant to this case, the Court is not persuaded that the amount paid is relevant to the claims and defenses asserted in this case.

The Court, therefore, grants in part Plaintiff's motion. Defendant shall produce the settlement documents in the prior case, but Defendant may redact from the documents the

---

[1] Rule 408 addresses the admissibility, not the discoverability, of settlement agreements.

amount paid in consideration of the settlement. Defendant may also designate the documents as confidential under the confidentiality order in this case.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of January, 2022.